**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:**<br><br>**LAURA LEE THAVENIUS** | : | **BANKRUPTCY NO. 23-21427-JCM**<br><br>**CHAPTER 7** |
| **JACKIE THOMAS, ADMINISTRATOR, for the Estate of JOSHUA K. THOMAS, deceased,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LAURA LEE THAVENIUS,**<br><br>**Defendant.** | : | **ADVERSARY PROCEEDING NO. 23-__________________**<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT 11 U.S.C. § 523(a)(2)(A)** |

AND NOW, comes the Plaintiff, Jackie Thomas, Administrator for the Estate of Joshua K. Thomas, deceased ("Plaintiff"), by and through her attorney, William H. Knestrick, Esquire and Neighborhood Attorneys, LLC, and files the within Complaint to Determine Dischargeability of Debt pursuant to 11 U.S.C. § 523(a)(2)(A) against the Defendant, Laura Lee Thavenius, and avers as follows:

## PREFATORY ALLEGATIONS

1. This is an action to determine the dischargeability of a debt under 11 U.S.C § 523(a)(2)(A) and is brought as an adversary proceeding in accordance with Bankruptcy Rules 4007 and 700l et seq.

2. The Debtor / Defendant, Laura Lee Thavenius ("Defendant") filed a petition under Chapter 7 of the Bankruptcy Code in this Court on June 30, 2023 in a case denominated In Re Laura Lee Thavenius, Case Number 23-21427, and, since that day, has been a debtor and subject to the jurisdiction of this Court.

3. This is an action under 11 U.S.C. § 523(c) for a determination excepting Defendant's debt from discharge. This court has jurisdiction of this action under 28 U.S.C. § 1334, and this complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue of this lawsuit is proper pursuant to 28 U.S.C. § 1409.

4. Plaintiff is a creditor by reason of a default judgment she obtained against the Defendant in the Court of Common Pleas of Washington County, Pennsylvania, 2023-0896, arising out of a Pennsylvania statutorily defined cause of action committed by the Defendant against the Plaintiff ("State Court Action"). The amount of the judgment is $12,190.00 ("Judgment").

<u>Death of Joshua K. Thomas</u>

5. Joshua K. Thomas died on August 26, 2020.

6. Immediately prior to his death, Joshua K. Thomas was in the hospital on life support since August 24, 2020.

7. At the time of his hospitalization and death, Joshua K. Thomas was in a relationship with, but not married to, the Defendant, Laura Thavenius.

8. Jackie Thomas is the mother of Joshua K. Thomas.

9. Letters of Administration, appointing Jackie Thomas as the Administrator of the Estate of Joshua K. Thomas, deceased, were granted by the Office of the Register of Wills of Fayette County, Pennsylvania at docket no. 2621-0057.

<u>PNC Bank Checking Account</u>

10. Joshua K. Thomas had a checking account at PNC Bank numbered 10-6839-8232

(hereinafter "PNC Bank Checking Account").

11. The PNC Bank Checking Account was titled solely in Joshua K. Thomas's name.

12. The Defendant was not a co-owner of the PNC Bank Checking Account; the PNC Bank Checking Account was not jointly titled in the Defendant's name; and the PNC Bank Checking Account did not have a payable on death or similar designation to the benefit of the Defendant.

13. There was only one debit card for the PNC Bank Checking Account, which was issued in the name of Joshua K. Thomas (hereinafter "PNC Bank Debit Card").

14. There was no debit card for the PNC Bank Checking Account issued in the name of the Defendant.

15. The Defendant was not Attorney-in-Fact, pursuant to an executed Power of Attorney, or Guardian, pursuant to a Court Order, for Joshua K. Thomas.

16. The Defendant took possession of Joshua K. Thomas's wallet, which included the PNC Bank Debit Card, at the hospital on or about August 25, 2020.

17. As later relayed by the Defendant to the Plaintiff, the Defendant had knowledge of the personal identification number ("PIN") for the PNC Bank Debit Card.

<u>ATM Withdrawals and Debit Transactions</u>

18. The Defendant used the PNC Bank Debit Card at an Automated Teller Machine ("ATM") to withdraw $800.00 from the PNC Bank Checking Account on August 26, 2020.

19. The Defendant used the PNC Bank Debit Card at an Automated Teller Machine ("ATM") to withdraw $500.00 from the PNC Bank Checking Account on August 27, 2020.

20. The Defendant used the PNC Bank Debit Card at an Automated Teller Machine ("ATM") to withdraw $800.00 from the PNC Bank Checking Account on August 28, 2020.

21. The Defendant used the PNC Bank Debit Card to make a purchase in the amount of $12.99 as a debit from the PNC Bank Checking Account on September 2, 2020.

22. The Defendant used the PNC Bank Debit Card at an Automated Teller Machine ("ATM") to withdraw $630.00 from the PNC Bank Checking Account on September 11, 2020.

23. The Defendant returned Joshua K. Thomas's wallet, which included the PNC Bank Debit Card, to the Plaintiff on September 15, 2020.

24. The Defendant provided the PIN for the PNC Bank Debit Card to the Plaintiff on September 21, 2020.

25. At no time prior to Joshua K. Thomas's death was the Defendant legally authorized to use the PNC Bank Debit Card to make withdrawals from the PNC Bank Checking Account.

26. At no time after Joshua K. Thomas's death was the Defendant legally authorized to use the PNC Bank Debit Card to make withdrawals from the PNC Bank Checking Account.

Identity Theft

27. The Plaintiff commenced the State Court Action against the Defendant alleging a cause of action for identity theft.

28. 42 Pa.C.S. § 8315 creates a civil cause of action for identity theft, as defined in 18 Pa.C.S. § 4120.

29. 42 Pa.C.S. § 8315 – Damages in actions for identity theft - provides:

> In a civil action based on identity theft as defined in 18 Pa.C.S. § 4120 (relating to identity theft), a court of competent jurisdiction may award damages as follows:
>
> (1) Actual damages arising from the incident or $500, whichever is greater. Damages include loss of money, reputation or property, whether real or personal. The court may, in its discretion, award up to three times the actual damages sustained, but not less than $500.
>
> (2) Reasonable attorney fees and court costs.
>
> (3) Additional relief the court deems necessary and proper.

30. 18 Pa.C.S. § 4120 defines identity theft to include use of an access device card of another person without the consent of that other person to further any unlawful purpose.

31. 18 Pa.C.S. § 4120 – Identity theft – provides in part:

> "(a) Offense defined. -- A person commits the offense of identity theft of another person if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose. …
>
> (f) Definitions. -- As used in this section, the following words and phrases shall have the meanings given to them in this subsection:
>
> "Document." -- Any writing, including, but not limited to, birth certificate, Social Security card, driver's license, nondriver government-issued identification card, baptismal certificate, access device card, employee identification card, school identification card or other identifying information recorded by any other method, including, but not limited to, information stored on any computer, computer disc, computer printout, computer system, or part thereof, or by any other mechanical or electronic means.
>
> "Identifying information." -- Any document, photographic, pictorial or computer image of another person, or any fact used to establish identity, including, but not limited to, a name, birth date, Social Security number, driver's license number, nondriver governmental identification number, telephone number, checking account number, savings account number, student identification number, employee or payroll number or electronic signature."

32. The Defendant used an access device card, i.e. the PNC Bank Debit Card, which constitutes identifying information of another person, i.e. Joshua K. Thomas.

33. Joshua K. Thomas could not have given the Defendant his consent for her to use his PNC Bank Debit Card, because during each occurrence of the Defendant's use of the PNC Bank Debit Card, Joshua K. Thomas was either incapacitated and on life support or deceased.

34. The Defendant used the PNC Bank Debit Card to further an unlawful purpose, i.e. to obtain cash from the PNC Bank Checking Account that did not belong to her; rather, that belonged to Joshua K. Thomas, until his death, and belonged to the Estate of Joshua K. Thomas, deceased, after his death.

35. As a result of the Defendant's identity theft, the Plaintiff has suffered actual damages totaling $2,742.99.

36. As a result of the Defendant's identity theft, additional harm has been caused to the Plaintiff, including but not limited to the time and resources spent by the Plaintiff investigating the Defendant's identity theft.

37. Because of the Defendant's identity theft, and pursuant to 42 Pa.C.S. § 8315(1), the Plaintiff is entitled to $500.00 minimum damages regarding the $12.99 debit on September 2, 2020.

38. Because of the Defendant's identity theft, and pursuant to 42 Pa.C.S. § 8315(1), the Plaintiff is entitled to treble damages.

39. Because of the Defendant's identity theft, and pursuant to 42 Pa.C.S. § 8315(2), the Plaintiff is entitled to attorney fees.

40. Because of the Defendant's identity theft, and pursuant to 42 Pa.C.S. § 8315(3), the Plaintiff is entitled to additional relief, including punitive damages.

## FIRST CAUSE OF ACTION

### Fraud – Section 523(a)(2)(A)

41. The Plaintiff hereby incorporates her averments in Paragraphs 1 through 40 as if fully set forth herein.

42. The Plaintiff alleges that the acts of the Defendant supporting a civil cause of action for identity theft in the State Court Action (as averred hereinabove), also constitute false pretenses, a false representation and/or fraud pursuant to 11 U.S.C § 523(a)(2)(A).

WHEREFORE, the Plaintiff prays for relief as follows:

1. A determination that Defendants' debt to Plaintiff, including interest accrued at the legal rate, is non-dischargeable;

2. Costs of suits incurred herein; and

3. Such other and further relief as the Court deems proper.

Dated: October 23, 203

/s/ William H. Knestrick
William H. Knestrick, Esquire
PA ID #203806
Neighborhood Attorneys, LLC
8 East Pine Avenue
Washington, PA 15301
Phone: 724-705-7082
Fax:724-871-1598
William@NeighborhoodAttys.com

Attorney for Jackie Thomas, Administrator
of the Estate of Joshua K. Thomas, deceased

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Jackie Thomas, Administrator of the Estate of Joshua K. Thomas, deceased | **DEFENDANTS** Laure Lee Thavenius |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) William H. Knestrick, Esq. - Neighborhood Attys LLC 8 East Pine Avenue, Washington, PA 15301 724-705-7082 | **ATTORNEYS** (If Known) David A. Rice, Esq. - Rice & Assoc. Law Firm 15 West Beau Street, Washington PA 15301 724-225-7270 |
| **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action under Section 523(a)(2)(A) for Fraud arising from identity theft

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $12,190.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Laura Lee Thavenius | BANKRUPTCY CASE NO.<br>23-21427 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Pennsylvania | DIVISION OFFICE<br>Pittsburgh | NAME OF JUDGE<br>John C. Melaragno |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.